# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TREZON GRIFFIN**
**ADC #184079**                                                                                        **PLAINTIFF**

V.                           NO. 4:24-cv-00585-KGB-ERE

**TIM RYALS**, *et al.*                                                                                **DEFENDANTS**

## ORDER

Defendants have filed a motion for partial summary judgment, a brief in support, and a statement of undisputed facts arguing that they are entitled to judgment as a matter of law on Mr. Griffin's: (1) failure to protect claims against Defendants Loveless, Sewell, and Blair; (2) First Amendment claims against Defendants Watkins and Howard; and (3) official capacity claims against all Defendants. *Docs. 115, 116, 117. Pro se* plaintiff Trezon Griffin has a right to file a response.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* FED. R. CIV. P. 56(e). This means that Mr. Griffin's response should include his legal arguments, as well as affidavits,[1] jail

---

[1] The affidavit must be either: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. 1746. Additionally, the affidavit must be based upon the personal knowledge of the person executing the affidavit. The Court may not consider an affidavit unless it meets these requirements.

records, or other evidence to show that there is a genuine issue of material fact that must be resolved at a hearing or trial.

In addition, pursuant to Local Rule 56.1,[2] Mr. Griffin must separately file a "separate, short and concise statement of the material facts as to which [he] contends there is no genuine dispute to be tried." Mr. Griffin's statement of disputed facts must state whether he "agrees" or "disagrees" with the factual statements in each of the numbered paragraphs in Defendants' statement of undisputed facts. *Doc. 117*. If Mr. Griffin disagrees with any of the facts in Defendants' statement of undisputed facts, he must: (1) identify each numbered paragraph that contains the facts he disputes; (2) for each paragraph, explain why he disputes those facts; and (3) include a citation to the evidence he is relying on to support his version of the disputed fact. If Mr. Griffin relies on documents that have been previously filed in the record, he must specifically refer to those documents by docket number and page. The Court will not sift through the file to find support for Mr. Griffin's factual contentions. See *Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

---

[2] The Local Rules for the Eastern District of Arkansas are available on the internet. See https://www.are.uscourts.gov/court-info/local-rules-and-orders/local-rules.

1. Mr. Griffin has until and including **August 22, 2025**, to file: (1) a response to Defendants' motion for partial summary judgment; and (2) a separate statement of disputed facts. As to any filing, Mr. Griffin should attempt to comply with Federal Rule of Civil Procedure 56, Local Rule 56.1, and the instructions in this Order.

2. Mr. Griffin is advised that the failure to timely and properly file a response and a statement of disputed facts may result in: (1) all the facts in Defendants' statement of undisputed facts being deemed admitted, pursuant to Local Rule 56.1(c); and (2) the possible dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2).

So Ordered 28 July 2025.

_____
UNITED STATES MAGISTRATE JUDGE